UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

TRACY GERLACH
on behalf of herself and all
others similarly situated,

    Case No. 18-cv-170

   Plaintiff,

    **CLASS AND COLLECTIVE
    ACTION COMPLAINT
 v.    PURSUANT TO 29 U.S.C. §216(b)
    AND FED. R. CIV. P. 23**

WEST REVENUE GENERATION
SERVICES, LLC,    **JURY TRIAL DEMANDED**
a wholly owned subsidiary of

WEST CORPORATION,
a Foreign Corporation

   Defendants.

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

  1.  This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Tracy Gerlach, on behalf of herself and all others similarly situated

current and former non-exempt employees of Defendant, West Corporation, and Defendant,

West Revenue Generation Services, LLC, for purposes of obtaining relief under the FLSA and

WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages,

costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant, West Corporation (hereinafter simply "Defendant West"), is an Omaha, Nebraska corporation that provides communications services to its clients.

3.      Defendant, West Revenue Generation Services, LLC (hereinafter simply "Defendant West Revenue"), a wholly owned subsidiary of Defendant West, is an Omaha, Nebraska corporation that provides sales and account management services to its clients.

4.      Defendant West and Defendant West Revenue (hereinafter collectively and simply "Defendants") operated (and continue to operate) unlawful compensation systems that deprive current and former non-exempt employees of their wages earned for all compensable work performed each workweek, including overtime pay for each hour worked over forty (40) hours in a workweek. Specifically, Defendants' unlawful policies include:

     a)  As to Defendant West and Defendant West Revenue: Failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in all current and former non-exempt employees' regular rates of pay for overtime calculation purposes;

     b)  As to Defendant West and Defendant West Revenue: Failing to pay an agreed-upon wage by not compensating all current and former non-exempt employees with overtime pay when said employees worked "…in excess of eight (8) hours in one day…";

     c)  As to Defendant West Revenue: Failing to compensate current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone to customers of Defendant

2

West Revenue's client, American Express, for work performed "off the clock" prior to their scheduled shift start time; and

d) As to Defendant West Revenue: Failing to compensate current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone to customers of Defendant West Revenue's client, American Express, for meal periods during which: (1) compensable work was performed; (2) said employees were not completely relieved from duty for the purpose of eating a regular meal; and/or (3) said employees were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

5.      Defendants' deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

7.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3

8.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants have substantial and systematic contacts in this District.

## PARTIES

9.      Plaintiff, Tracy Gerlach, is an adult female resident of the State of Wisconsin residing at 825 East Alton Street, Appleton, Wisconsin 54911.

10.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), is contemporaneously filed with this Complaint. (ECF No. 1.)

11.     Defendant West is an Omaha, Nebraska corporation with a principal place of business located at 11808 Miracle Hills Drive, Omaha, Nebraska 68154.

12.     Upon information and belief, Defendant West is not incorporated in the State of Wisconsin.

13.     Defendant West is a self-described global provider of communication and network infrastructure services.

14.     Defendant West is comprised of four separate, self-identified lines of business or reportable segments: "Unified Communications Services"; "Safety Services"; "Interactive Services"; and "Specialized Agent Services."

15.     Defendant West's "Specialized Agent Services" line of business or reportable segment provides services to its clients in the following areas: "Healthcare Advocacy"; "Cost Management"; and "Revenue Generation."

16.     As of December 31, 2016, Defendant West employed approximately 8,470 employees across the United States.

4

17.     As of December 31, 2016, Defendant West employed approximately 3,490 employees across the United States in its "Specialized Agent Service" line of business or reportable segment.

18.     Defendant West's "Revenue Generation" service is managed and operated via Defendant West Revenue, which has a principle office address of 11808 Miracle Hills Drive, Omaha, Nebraska 68154, is managed and operated in Wisconsin (located at 1111 East South River Street, Appleton, Wisconsin 54915), and currently employs approximately 2,500 employees.

19.     Defendant West Revenue provides business-to-business sales and account management services to its clients.

20.     Defendant West Revenue's registered agent for service of process in the State of Wisconsin is Corporation Service Company, located at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

## COVERAGE AND GENERAL ALLEGATIONS

21.     For purposes of the FLSA, Defendants are "employers" of "employees," Plaintiff and all others similarly situated, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

22.     Defendants are "employers" of Plaintiff, and Plaintiff and all others similarly situated are "employed" by Defendants, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

23.     Within the last three (3) years from the date of the filing of this Complaint, (ECF No. 1), Defendant West's written employment policies were contained in its Employee Handbook, titled "West Corporation POLICY MANUAL."

24.     Defendant West's Employee Handbook was "last modified" as of August 2017.

5

25.     Defendant West's Employee Handbook, and the written policies contained therein, applied to "…all Employees of West Corporation and its subsidiaries."

26.     According to Defendant West's Employee Handbook, "Overtime hours constitute any additional time worked in excess of forty (40) hours per week or in excess of eight (8) hours in one day, or in compliance with state law."

27.     According to Defendant West's Employee Handbook, "West will compensate Employees for the overtime hours worked by paying one and one-half (1½) times the Employee's average wage rate."

28.     According to Defendant West's Employee Handbook, "The average wage rate includes wages that are required by the Federal Wage and Hour Law (i.e., certain bonuses and commissions)."

29.     Plaintiff worked as a non-exempt, hourly employee for Defendant West Revenue in the State of Wisconsin within the last three (3) years from the date of the filing of this Complaint. (ECF No. 1.)

30.     During Plaintiff's employment with Defendants, the written policies as stated in Defendant West's Employee Handbook applied to Plaintiff and all other employees of Defendant West Revenue.

31.     The vast majority of Defendant West Revenue's employees are non-exempt employees who are compensated on an hourly basis and who perform services for Defendant West Revenue in a sedentary, call center setting in positions that are commonly titled, "Customer Service Representative," "Customer Service Professional," "Business Payment Consultant," "Customer Care Representative," "Customer Care Associate," or some other similar variation thereof (hereinafter simply and collectively "Call Center" employees). Regardless of the

6

particular job title, all non-exempt, hourly paid Call Center employees of Defendant West Revenue performed similar job duties and responsibilities: customer service and/or account management support for Defendant West Revenue's clients via telephone in a call center setting operated and managed by Defendant West Revenue.

32.     Defendant West Revenue operates multiple call center locations in multiple states, including in the States of Wisconsin and Texas.

33.     From approximately December 2015 to January 2018, Plaintiff worked in a non-exempt Call Center position for Defendant West Revenue in the position of Business Payment Consultant at Defendant West Revenue's Appleton, Wisconsin call center location.

34.     During Plaintiff's employment with Defendants, she and all other employees of Defendants were subject to Defendant West's written employment policies as contained in its Employee Handbook, titled "West Corporation POLICY MANUAL."

35.     During Plaintiff's employment with Defendants, she regularly worked alongside other non-exempt Call Center employees in Defendant West Revenue's call center at its Appleton, Wisconsin location.

36.     During Plaintiff's employment with Defendants, her job duties entailed providing account management and/or customer service support via telephone for Defendant West Revenue's client, American Express.

37.     During Plaintiff's employment with Defendants, her normal or customary weekly shift schedule was Monday through Friday, 10:00 a.m. to 6:30 p.m.

7

38.     Plaintiff brings this action on behalf of herself and:

a)  All current and former non-exempt employees of Defendant West and Defendant West Revenue who were employed by it within the last three (3) years from the date of filing of this Complaint and who were subject to the same policies, practices, customs, and/or schemes as applied to them in an unlawful manner, including:

   i.   Defendant West's and Defendant West Revenue's failure to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in all current and former non-exempt employees' regular rates of pay for overtime calculation purposes in violation of the FLSA and WWPCL; and

   ii.  Defendant West's and Defendant West Revenue's failure to pay an agreed-upon wage by compensating all current and former non-exempt employees with overtime pay when said employees worked "…in excess of eight (8) hours in one day…," in violation of the WWPCL; and

b)  All current and former non-exempt Call Center employees of Defendant West Revenue who were employed by it within the last three (3) years from the date of filing of this Complaint and who provided account management and/or customer service support via telephone for Defendant West Revenue's client, American Express, and who were subjected to the same unlawful policies, practices, customs, and/or schemes, including:

8

i. Defendant West Revenue's failure to compensate said employees for work performed "off the clock" prior to their scheduled shift start time in violation of the FLSA and WWPCL; and

ii. Defendant West Revenue's failure to compensate said employees for meal periods during which: (1) compensable work was performed; (2) said employees were not completely relieved from duty for the purpose of eating a regular meal; and/or (3) said employees were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes in violation of the WWPCL.

39. Plaintiff and all other current and former non-exempt employees of Defendants on whose behalf she brings this Complaint performed compensable work on behalf of and/or at the direction of Defendants.

40. Defendants supervised Plaintiff's and all other non-exempt employees' day-to-day activities.

41. Defendants had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt employees.

42. Defendants had the ability and authority to review Plaintiff's work performance and the work performance of all other non-exempt employees.

43. Defendants established the work rules, policies, and procedures by which Plaintiff and all other non-exempt employees abide in the workplace.

44. Defendants controlled the terms and conditions of Plaintiff's and all other non-exempt employees' employment.

9

45.     Defendants established Plaintiff's and all other non-exempt employees' work schedules and provided Plaintiff and all other non-exempt employees with work assignments and hours of work.

46.     Plaintiff's hours of work and the hours of work of all other non-exempt employees are tracked and recorded by Defendants.

## NON-DISCRETIONARY COMPENSATION
## (DEFENDANT WEST AND DEFENDANT WEST REVENUE)

47.     During Plaintiff's employment with Defendants, she was compensated by Defendant West Revenue on a bi-weekly basis via direct deposit.

48.     During the last three (3) years from the date of the filing of this Complaint (ECF No. 1), all current and former non-exempt employees of Defendants were compensated on a bi-weekly basis via direct deposit.

49.     During Plaintiff's employment with Defendants, Defendants compensated Plaintiff and all other current and former non-exempt employees with, in addition to an hourly or regular rate of pay, other non-discretionary forms of compensation, such as bonuses, commissions, incentives, and/or other rewards.

50.     During Plaintiff's employment with Defendants, Defendants routinely compensated her and all other current and former non-exempt employees with, in addition to an hourly or regular rate of pay, other non-discretionary forms of compensation, such as performance bonuses, efficiency bonuses, attendance bonuses, and hiring/retention bonuses, commissions, incentives, and/or other rewards.

51.     During Plaintiff's employment with Defendants, the non-discretionary forms of compensation with which Defendant West Revenue routinely compensated Plaintiff and all other

10

current and former non-exempt employees were in the form of performance bonuses, efficiency bonuses, attendance bonuses, and hiring/retention bonuses.

52.     During Plaintiff's employment with Defendants, Defendants routinely compensated her and all other current and former non-exempt employees with non-discretionary forms of compensation on a bi-weekly and/or monthly basis.

53.     During Plaintiff's employment with Defendants, Defendants failed to include the aforementioned non-discretionary forms of compensation in her and all other current and former non-exempt employees' regular rates of pay when determining overtime compensation due to them. For example, for the pay period beginning on July 3, 2017 and ending on July 16, 2017, Defendants compensated Plaintiff with a non-discretionary performance bonus in the amount of $1,440.00, but failed to include this bonus in Plaintiff's regular rate of pay when determining overtime compensation due to Plaintiff during those workweeks that comprised the pay period.

54.     Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Defendant West's written employment policies, as contained in its Employee Handbook and as applied to all employees of Defendant West, including employees of its subsidiaries, such as Defendant West Revenue, stated: "West will compensate Employees for the overtime hours worked by paying one and one-half (1½) times the Employee's average wage rate"; and, "The average wage rate includes wages that are required by the Federal Wage and Hour Law (i.e., certain bonuses and commissions)." Despite this policy and within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to include non-discretionary compensation, such as performance bonuses, efficiency bonuses, attendance bonuses, and hiring/retention bonuses, in Plaintiff's and all other current and former non-exempt employees' regular rates of pay for overtime compensation purposes.

11

55.     Defendant's unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA and WWPCL.

56.     Defendants were or should have been aware that their unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA and WWPCL.

## FAILURE TO PAY AN AGREED-UPON WAGE
## (DEFENDANT WEST AND DEFENDANT WEST REVENUE)

57.     During Plaintiff's employment with Defendants, she often worked more than eight (8) hours in a work day.

58.     During Plaintiff's employment with Defendants, she often worked more than eight (8) hours in a work day, particularly when she performed work "off the clock" prior to her scheduled shift start times and including compensable meal periods.

59.     During the last three (3) years from the date of the filing of this Complaint (ECF No. 1), all current and former non-exempt employees of Defendants often worked more than eight (8) hours in a work day.

60.     During the last three (3) years from the date of the filing of this Complaint (ECF No. 1), all current and former non-exempt employees of Defendants often worked more than eight (8) hours in a work day, particularly those employees who provided account management and/or customer service support via telephone for Defendant West Revenue's client, American Express, and performed work "off the clock" prior to their scheduled shift start times and including compensable meal periods.

12

61.     Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Defendant West's written employment policies, as contained in its Employee Handbook and as applied to all employees of Defendant West, including employees of its subsidiaries, such as Defendant West Revenue, stated: "Overtime hours constitute any additional time worked in excess of forty (40) hours per week or in excess of eight (8) hours in one day, or in compliance with state law"; and, "West will compensate Employees for the overtime hours worked by paying one and one-half (1½) times the Employee's average wage rate." Despite these policies and within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to compensate Plaintiff and all other current and former non-exempt employees with overtime compensation when said employees performed work "…in excess of eight (8) hours in one day…"

62.     Defendant's unlawful practice as it relates to overtime compensation for work performed "…in excess of eight (8) hours in one day…" failed to compensate and deprived Plaintiff and all other current and former non-exempt employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the WWPCL.

63.     Defendants were or should have been aware that their unlawful practice as it relates to overtime compensation for work performed "…in excess of eight (8) hours in one day…" failed to compensate and deprived Plaintiff and all other current and former non-exempt employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the WWPCL.

## CALL CENTER EMPLOYEES' "OFF THE CLOCK" WORK
## (DEFENDANT WEST REVENUE)

64.     Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Plaintiff's job duties included performing account management and/or customer service support via telephone for Defendant West Revenue's client, American Express.

65.     Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Plaintiff routinely worked alongside other non-exempt Call Center employees in Defendant West Revenue's call center at its Appleton, Wisconsin location who provided the same or similar account management and/or customer service support via telephone for American Express.

66.     Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Call Center employees performed the same or similar account management and/or customer services via telephone for American Express by utilizing the same techniques and computer software, applications, and programs – regardless of the physical work location.

67.     Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Call Center employees utilized the same system for timekeeping and/or recordkeeping purposes: Defendant West Revenue's electronic timekeeping system called "Kronos."

68.     Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express were subject to the same timekeeping policies and practices.

69.     Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for

14

American Express had unique Employee Numbers for timekeeping and/or recordkeeping purposes.

70.    Plaintiff's unique Employee Number for timekeeping and/or recordkeeping purposes was "1517."

71.    Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express recorded their time worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Kronos by using their unique Employee Numbers.

72.    Kronos recorded Plaintiff's and all other non-exempt Call Center employees' time "clocked in" and "clocked out" each workday.

73.    On a daily basis, Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express began their workday at Defendant West Revenue in similar fashion: they arrived to their respective desk or work station; they started or powered up their desktop computer; they logged-in to their Defendant West Revenue email account(s) and sent and/or received emails; they started or powered up and logged-in to various computer programs unique to Defendant West Revenue, such as ECCO (a master guide or manual); they performed any other task unique to Defendant West Revenue (such as manager quizzes); and they started or powered up and logged-in to various computer systems, programs, and platforms unique to American Express, such as GYPSA or ADE, which were the systems, programs, and platforms that Plaintiff and all other non-exempt Call Center employees utilized to perform compensable

15

work (i.e., make and/or receive telephone calls) for American Express (hereinafter collectively and simply "pre-shift activities").

74. The pre-shift activities that Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express performed on a daily basis were necessary, required, essential, and/or expected duties of their job.

75. Immediately prior using their unique Employee Number to "clock in" via Kronos at the beginning of each workday, Plaintiff and all other non-exempt Call Center employees performed compensable work.

76. When Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express were logged-in to GYPSA or ADE, it was commonly known and referred to as being "phoned in." Conversely, when these Call Center employees were not logged-in to GYPSA or ADE, it was commonly known and referred to as being "phoned out."

77. In order for Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express to make and/or receive telephone calls (or to be prepared or waiting to make and/or receive telephone calls) for American Express, said employees had to be logged-in to GYPSA or ADE.

78. Routinely, and on a daily basis, Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express "clocked in" via Kronos only after their pre-shift activities were completed.

16

79.     In approximately May 2017 or June 2017, Defendant West Revenue began measuring the "efficiency," or work performance, of its current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express via a concept called "Labor Efficiency."

80.     Prior to approximately May 2017 or June 2017, Defendant West Revenue measured the "efficiency," or work performance, of its current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express via a concept called "6.25% Shrink."

81.     In a June 7, 2017 email, Thomas Weber, Director of Specialized Agent Services for Defendant West Revenue, introduced the concept of "Labor Efficiency" to all current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express: "Labor Efficiency is measured systematically, both phone status and punches – this is simply a measure of your total phone time against your total punch time," and, "The Labor Efficiency target is 90%+ monthly – what this simply means is all need to work within 10% or less of downtime from an active phone status when punched in." (emphasis in original.)

82.     As such and on a daily basis, Defendant West Revenue measured the "Labor Efficiency" of all current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express by comparing the employees' "phone in" and "phone out" times via GYPSA or ADE against the employees' "clock in" and "clock out" times via Kronos.

17

83. As such, Defendant West Revenue's expectation was that, on a monthly basis, the "Labor Efficiency" of all current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express must be at least ninety percent (90%) – meaning, Defendant West Revenue expected these employees to be "phoned in" via GYPSA or ADE at least ninety percent (90%) of the time as compared to the employees' actual "clock in" and "clock out" times via Kronos. For example, in an eight (8) hour work day (which consisted of 480 total minutes), Defendant West Revenue expected these employees to be "phoned in" for a total of seven (7) hours and twelve (12) minutes (which is 432 total minutes) during the work day.

84. The goal for Defendant West Revenue in utilizing this "Labor Efficiency" concept to measure the work performance of all current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express was to minimize these Call Center employees' "downtime," or time not "phoned in" via GYPSA or ADE, during the work day as much as possible – because Defendant West Revenue received compensation from American Express, in turn, only when these Call Center employees were "phoned in" via GYPSA or ADE. Conversely, when these Call Center employees were not "phoned in" via GYPSA or ADE during any given work day, Defendant West Revenue could not bill American Express for this "downtime," and, thus, Defendant West Revenue would not receive compensation from American Express.

85. If a current or former non-exempt Call Center employee who provided account management and/or customer service support via telephone for American Express met Defendant West Revenue's monthly "Labor Efficiency" goal of at least ninety percent (90%) "phoned in"

Case 1:18-cv-00170-WCG   Filed 01/31/18   Page 18 of 54   Document 1

time, Defendant West Revenue compensated the Call Center employee with a non-discretionary monetary bonus.

86. If a current or former non-exempt Call Center employee who provided account management and/or customer service support via telephone for American Express did not meet Defendant West Revenue's monthly "Labor Efficiency" goal of at least ninety percent (90%) "phoned in" time, said Call Center employee would be subject to discipline by Defendant West Revenue and would receive a lesser non-discretionary monetary bonus, or no bonus at all.

87. On a daily basis, the "clock in" and "clock out" times recorded via Kronos of all current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express was compensable work time.

88. On a daily basis, Defendant West Revenue compensated Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express based on only their "clock in" and "clock out" times recorded via Kronos.

89. On a daily basis and when current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express were "phoned in" via GYPSA or ADE, said employees were always performing compensable work (i.e., making and/or receiving telephone calls and/or waiting to make or receive telephone calls).

90. On a daily basis and when current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express were not "phoned in" via GYPSA or ADE, said employees nonetheless still performed

19

compensable work (albeit "non-billable" time to American Express), such as troubleshooting computer or system issues, re-booting computers or programs, switching between systems or programs (e.g., between GYPSA and ADE), manager coaching, manager quizzes, break time less than thirty (30) consecutive minutes in duration, or anything else that might arise during the work day.

91. On a daily basis, Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express routinely "clocked in" via Kronos only after their pre-shift activities were completed.

92. On a daily basis, Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express routinely "clocked in" via Kronos only after being "phoned in" via GYPSA or ADE, making and/or receiving telephone calls and/or waiting to make or receive telephone calls, for a period of time lasting anywhere between five (5) to sixty (60) minutes.

93. On a daily basis, Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express routinely "phoned in" via GYPSA or ADE (making and/or receiving telephone calls and/or waiting to make or receive telephone calls) for a period of time between five (5) to sixty (60) minutes prior to "clocking in" via Kronos.

94. On a daily basis, Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express routinely "phoned in" via GYPSA or ADE (making and/or receiving telephone calls and/or waiting to make or receive telephone calls) for a period of time between five (5) to sixty (60) minutes while not "clocked in" via Kronos throughout any given work day.

95.     Defendant West Revenue's emphasis on "Labor Efficiency" incentivized Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express to perform work "off the clock" (not "clocked in" via Kronos) because it increased said Call Center employees' Labor Efficiency on a daily and/or monthly basis, which in turn increased the likelihood that said Call Center employees would avoid discipline by Defendant West Revenue and would receive a (higher) non-discretionary monetary bonus.

96.     In practice, non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express frequently performed their pre-shift activities, including being "phoned in" via GYPSA or ADE for a period of time lasting anywhere between five (5) to sixty (60) minutes, before "clocking in" via Kronos for the purpose of increasing their Labor Efficiency. This "off the clock" work – specifically, when these Call Center employees were "phoned in" via GYPSA or ADE but not "clocked in" via Kronos – likewise benefitted Defendant West Revenue: it did not have to compensate these Call Center employees with wages because they were not "clocked in" via Kronos, yet it could bill and receive compensation from American Express because these Call Center employees were "phoned in" via GYPSA or ADE.

97.     On a daily basis, Defendant West Revenue compensated Plaintiff and all other non-exempt Call Center employees based on only their "clock in" times via Kronos, as opposed to compensating Plaintiff and all other non-exempt Call Center employees when compensable work commenced at the start of the work day.

98.     On a daily basis, Defendant West Revenue did not compensate Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express from the beginning of the first principal activity of the workday.

99.     On a daily basis, Defendant West Revenue did not compensate Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express for performing their pre-shift activities.

100.    On a daily basis, Defendant West Revenue began compensating Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express based on only when they "clocked in" via Kronos at the beginning of their shift, as opposed to compensating Plaintiff and all other non-exempt Call Center employees when compensable work commenced at the beginning of the work day.

101.    On a daily basis, Defendant West Revenue compensated Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express based on only their "clock in" times via Kronos, as opposed to compensating Plaintiff and all other non-exempt Call Center employees for all time actually worked and all compensable work performed each work day.

102.    Defendant West Revenue did not compensate Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express for all compensable work performed during the work day, including at an overtime rate of pay.

22

103. Defendant West Revenue knew that Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express were performing pre-shift activities and not being compensated for them, including at an overtime rate of pay.

104. Defendant West Revenue did not have or maintain a procedure or process for Plaintiff and all other non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express to manually enter or record their hours worked performing pre-shift activities.

105. Defendant West Revenue maintained a policy in practice to not compensate Plaintiff and all other current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express for all hours actually worked each work day.

106. Defendant West Revenue maintained a policy in practice to not compensate Plaintiff and all other current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express for "off the clock" work performed each work day.

107. During the calendar year 2017 and prior to the end of her employment at Defendant West Revenue, Plaintiff informed management-level employees at Defendant West Revenue in writing that other Call Center employees who provided account management and/or customer service support via telephone for American Express were working "off the clock" by being "phoned in" via GYPSA or ADE but not "clocked in" via Kronos (at least, in part, to increase their Labor Efficiency). One response from one of Defendant West Revenue's

23

management-level employees was, among other things: "If ppl r working for west off the clock… West can get in big legal trouble by that!!"

108.    Defendant West Revenue was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other current and former non-exempt Call Center employees who provided account management and/or customer service support via telephone for American Express for all hours actually worked each workweek, including at an overtime rate of pay, in violation of the FLSA and WWPCL.

**MEAL PERIODS**
**(DEFENDANT WEST REVENUE)**

109.    Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express used their unique Employee Numbers for timekeeping purposes each workday to "clock in" and "clock out" via Kronos.

110.    Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express used their unique Employee Numbers to "clock out" (and "clock back in") via Kronos for meal periods each workday.

111.    Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), there were times when Plaintiff and other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express "clocked out" via Kronos for a meal period on any given

work day and "clocked back in" less than thirty (30) consecutive minutes later and immediately began performing compensable work.

112.    Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), there were times when Plaintiff and other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express "clocked out" via Kronos for a meal period on any given work day but remained "phoned in" via GYPSA or ADE.

113.    Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), there were times when Plaintiff and other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express were not "phoned in" via GYPSA or ADE on any given work day for at least thirty (30) consecutive minutes.

114.    Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1) and on any given work day, there were times when Plaintiff and other non-exempt Call Center employees of Defendant West Revenue who performed account management and/or customer service support via telephone for American Express: (1) did not take a meal period for at least thirty (30) consecutive minutes; (2) were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes; (3) performed compensable work during their meal period by being "phoned in" via GYPSA or ADE; and/or (4) were not completely relieved from duty for the purpose of eating a regular meal.

115.    Defendant West Revenue's policy in practice was to deduct time each work day from the timesheets of Plaintiff and all other current and former non-exempt Call Center employees who performed account management and/or customer service support via telephone

for American Express who "clocked out" and then "clocked back in" via Kronos for a meal period– even if the Call Center employees: (1) were not "clocked out" via Kronos for a meal period of at least thirty (30) consecutive minutes; (2) remained "phoned in" via GYPSA or ADE during the time they were "clocked out" via Kronos for a meal period; and/or (3) were not "phoned in" via GYPSA or ADE on any given work day for at least thirty (30) consecutive minutes.

116.    Defendant West Revenue's policy in practice as described herein denied a full thirty (30) minutes of compensable work time to Plaintiff and all other current and former non-exempt Call Center employees who performed account management and/or customer service support via telephone for American Express.

117.    Defendant West Revenue's policy in practice as described herein denied proper and lawful compensation to Plaintiff and all current and former non-exempt Call Center employees who performed account management and/or customer service support via telephone for American Express in violation of the WWPCL.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

118.    Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).

119.    The similarly situated employees in Plaintiff's FIRST CLAIM FOR RELIEF include:

> **FLSA Collective Class (Non-Discretionary Compensation – Defendant West)**: All individuals who are or have worked at and/or who are or have been employed by Defendant West as a non-exempt employee within the three (3) years prior to this action's filing date (ECF No. 1) who received non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, that was not included in their regular rates of pay for overtime calculation purposes.

26

120.    Defendant West, as a matter of practice, did not include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA "Non-Discretionary" Collective Class' regular rates of pay for overtime calculation purposes.

121.    These practices resulted in Plaintiff and the FLSA "Non-Discretionary" Collective Class being denied overtime compensation by Defendant West at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

122.    The similarly situated employees in Plaintiff's SECOND CLAIM FOR RELIEF include:

> **FLSA Collective Class (Non-Discretionary Compensation – Defendant West Revenue)**:    All individuals who are or have worked at and/or who are or have been employed by Defendant West Revenue as a non-exempt employee within the three (3) years prior to this action's filing date (ECF No. 1) who received non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, that was not included in their regular rates of pay for overtime calculation purposes.

123.    Defendant West Revenue, as a matter of practice, did not include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA "Non-Discretionary" Collective Class' regular rates of pay for overtime calculation purposes.

124.    These practices resulted in Plaintiff and the FLSA "Non-Discretionary" Collective Class being denied overtime compensation by Defendant West Revenue at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

27

125.    The similarly situated employees in Plaintiff's THIRD CLAIM FOR RELIEF

include:

> **FLSA Collective Class ("Off The Clock" – Defendant West Revenue)**:  All individuals who are or have worked at and/or who are or have been employed by Defendant West Revenue as a non-exempt Call Center employee who provided account management and/or customer service support via telephone for American Express within the three (3) years prior to this action's filing date (ECF No. 1) who performed "off the clock" work in the form of the pre-shift activities described herein.

126.    Defendant West Revenue, as a matter of policy and practice, did not compensate its employees for all hours of compensable work performed by the FLSA "Off The Clock" Collective Class during a workweek.

127.    These practices resulted in Plaintiff and the FLSA "Off The Clock" Collective Class being denied overtime compensation by Defendant West Revenue at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

128.    Defendant West Revenue suffered or permitted Plaintiff and the FLSA "Off The Clock" Collective Class to perform work during the workweek without proper compensation for all hours of work, which denied the FLSA "Off The Clock" Collective Class with overtime compensation at one and one-half times the regular rate of pay for the hours worked that were not counted as work.

129.    The FIRST CLAIM FOR RELIEF, SECOND CLAIM FOR RELIEF, and THIRD CLAIM FOR RELIEF are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA "Non-Discretionary" Collective Class (Defendant West), the FLSA "Non-Discretionary" Collective Class (Defendant

28

West Revenue), and the FLSA "Off The Clock" Collective Class (Defendant West Revenue), and these Claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

130.    Plaintiff and the FLSA "Non-Discretionary" Collective Class (Defendant West), the FLSA "Non-Discretionary" Collective Class (Defendant West Revenue), and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) are and have been similarly situated, have and have had substantially similar job requirements and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked, including with overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA "Non-Discretionary" Collective Class (Defendant West), the FLSA "Non-Discretionary" Collective Class (Defendant West Revenue), and the FLSA "Off The Clock" Collective Class (Defendant West Revenue).

131.    Plaintiff and the FLSA "Non-Discretionary" Collective Class (Defendant West), the FLSA "Non-Discretionary" Collective Class (Defendant West Revenue), and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA "Non-Discretionary" Collective Class' regular rates of pay for overtime calculation purpose and for failing to properly and lawfully compensate employees for all hours worked, including with overtime compensation.

132.    The FLSA "Non-Discretionary" Collective Class (Defendant West), the FLSA "Non-Discretionary" Collective Class (Defendant West Revenue), and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA "Non-Discretionary" Collective Class (Defendant West), the FLSA "Non-Discretionary" Collective Class (Defendant West Revenue), and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) via first class mail to the last address known by Defendants and through posting at Defendants' facilities in areas where postings are normally made.

133.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA "Non-Discretionary" Collective Class (Defendant West), the FLSA "Non-Discretionary" Collective Class (Defendant West Revenue), and the FLSA "Off The Clock" Collective Class (Defendant West Revenue).

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

134.    Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include those in the following Classes:

> **Wisconsin Class (Non-Discretionary Compensation – Defendant West)**:  All individuals who are or have worked at and/or who are or have been employed by Defendant West as a non-exempt employee within the three (3) years prior to this action's filing date (ECF No. 1) who received non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, that was not included in their regular rates of pay for overtime calculation purposes.

30

**Wisconsin Class (Failure To Pay An Agreed Upon Wage – Defendant West)**: All individuals who are or have worked at and/or who are or have been employed by Defendant West as a non-exempt employee within the three (3) years prior to this action's filing date (ECF No. 1) who have not received overtime pay when said employees worked "…in excess of eight (8) hours in one day…"

**Wisconsin Class (Non-Discretionary Compensation – Defendant West Revenue)**: All individuals who are or have worked at and/or who are or have been employed by Defendant West Revenue as a non-exempt employee within the three (3) years prior to this action's filing date (ECF No. 1) who received non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, that was not included in their regular rates of pay for overtime calculation purposes.

**Wisconsin Class (Failure To Pay An Agreed Upon Wage – Defendant West Revenue)**: All individuals who are or have worked at and/or who are or have been employed by Defendant West Revenue as a non-exempt employee within the three (3) years prior to this action's filing date (ECF No. 1) who have not received overtime pay when said employees worked "…in excess of eight (8) hours in one day…"

**Wisconsin Class ("Off The Clock" – Defendant West Revenue)**: All individuals who are or have worked at and/or who are or have been employed by Defendant West Revenue as a non-exempt Call Center employee who provided account management and/or customer service support via telephone for American Express within the three (3) years prior to this action's filing date (ECF No. 1) who performed "off the clock" work in the form of the pre-shift activities described herein.

**Wisconsin Class (Meal Periods – Defendant West Revenue)**: All individuals who are or have worked at and/or who are or have been employed by Defendant West Revenue as a non-exempt Call Center employee who provided account management and/or customer service support via telephone for American Express within the three (3) years prior to this action's filing date (ECF No. 1) who: did not take a meal period for at least thirty (30) consecutive minutes; was not completely relieved of duty

31

> or free from work for at least thirty (30) consecutive minutes; performed compensable work during their meal period by being "phoned in" via GYPSA or ADE; and/or was not completely relieved from duty for the purpose of eating a regular meal.

135.    The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each Wisconsin Class member of each Wisconsin Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

136.    The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are more than fifty (50) members of each of the Wisconsin Classes.

137.    Plaintiff's claims are typical of those claims which could be alleged by any member of any of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the Wisconsin Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

32

138. Plaintiff is able to fairly and adequately protect the interests of each of the Wisconsin Classes and has no interests antagonistic to any of the Wisconsin Classes. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

139. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

140. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this

33

action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

141.    Defendants have violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

142.    There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following:

    a)   Whether Defendants included non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the regular rates of pay of the Wisconsin "Non-Discretionary Compensation" Class (Defendant West and Defendant West Revenue) members for overtime calculation purposes;

    b)   Whether Defendants compensated the Wisconsin "Failure To Pay An Agreed Upon Wage" Class (Defendant West and Defendant West Revenue) members with overtime pay when said employees worked "…in excess of eight (8) hours in one day…";

    c)   Whether the work performed by Plaintiff and the Wisconsin "Off The Clock" Class (Defendant West Revenue) and the Wisconsin "Meal Period" Class (Defendant West Revenue) is compensable under Wisconsin law;

    d)   Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin "Off The Clock" Class (Defendant West Revenue) and the Wisconsin "Meal Period" Class (Defendant West Revenue) to perform work for Defendant West Revenue's benefit without being properly compensated;

34

e) Whether Defendants failed to pay all of the Wisconsin Classes for all work Defendant suffered or permitted them to perform; and

f) The nature and extent of class-wide injury and the measure of damages for the injury.

143.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF – NON-DISCRETIONAY COMPENSATION (DEFENDANT WEST)**
**Violation of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of herself and the FLSA Collective Class)**

144.    Plaintiff, on behalf of herself and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

145.    At all times material herein, Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

146.    At all times material herein, Defendant West was an employer of Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) as provided under the FLSA.

147.    At all times material herein, Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) were employees of Defendant West as provided under the FLSA.

35

148. Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) are victims of uniform compensation policy and practice as applied to them in violation of the FLSA.

149. Defendant West violated the FLSA by failing to account for and compensate Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) for overtime premium pay at the correct overtime rate of pay for each hour he/she worked in excess of forty (40) hours each workweek.

150. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

151. Defendant West was and is subject to the overtime pay requirements of the FLSA because Defendant West is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

152. Defendant West's failure to properly compensate Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) and failure to properly include non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant West also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant West acted in good faith or

36

with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) are entitled to an award of pre-judgment interest at the applicable legal rate.

153.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant West from Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) for which Defendant West is liable pursuant to 29 U.S.C. § 216(b).

154.     Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant West acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

155.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF – NON-DISCRETIONAY COMPENSATION (DEFENDANT WEST REVENUE)
### Violation of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of herself and the FLSA Collective Class)

156.     Plaintiff, on behalf of herself and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

157.     At all times material herein, Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

37

158. At all times material herein, Defendant West Revenue was an employer of Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) as provided under the FLSA.

159. At all times material herein, Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) were employees of Defendant West Revenue as provided under the FLSA.

160. Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) are victims of uniform compensation policy and practice as applied to them in violation of the FLSA.

161. Defendant West Revenue violated the FLSA by failing to account for and compensate Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) for overtime premium pay at the correct overtime rate of pay for each hour he/she worked in excess of forty (40) hours each workweek.

162. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

163. Defendant West Revenue was and is subject to the overtime pay requirements of the FLSA because Defendant West Revenue is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

164. Defendant West Revenue's failure to properly compensate Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) and failure to properly include non-discretionary compensation in the regular rate of pay for overtime

38

calculations purposes was willfully perpetrated. Defendant West Revenue also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant West Revenue acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) are entitled to an award of pre-judgment interest at the applicable legal rate.

165. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant West Revenue from Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) for which Defendant West Revenue is liable pursuant to 29 U.S.C. § 216(b).

166. Plaintiff and the FLSA "Non-Discretionary Compensation" Collective Class (Defendant West Revenue) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant West Revenue acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

167. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

39

**THIRD CLAIM FOR RELIEF – "OFF THE CLOCK"**
**(DEFENDANT WEST REVENUE)**
**Violation of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of herself and the FLSA Collective Class)**

168.     Plaintiff, on behalf of herself and the FLSA "Off The Clock" Collective Class (Defendant West Revenue), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

169.     At all times material herein, Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

170.     At all times material herein, Defendant West Revenue was an employer of Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) as provided under the FLSA.

171.     At all times material herein, Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) were employees of Defendant West Revenue as provided under the FLSA.

172.     Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) are victims of uniform compensation policy and practice in violation of the FLSA.

173.     Defendant West Revenue violated the FLSA by suffering or permitting Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) to perform work "off the clock" and/or without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA "Off The Clock" Collective Class their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

174. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

175. Defendant West Revenue was and is subject to the overtime pay requirements of the FLSA because Defendant West Revenue is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

176. Defendant West Revenue's failure to properly compensate Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) for "off the clock" work and for all work performed willfully perpetrated. Defendant West Revenue also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant West Revenue acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) are entitled to an award of pre-judgment interest at the applicable legal rate.

177. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant West Revenue from Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) for which Defendant West Revenue is liable pursuant to 29 U.S.C. § 216(b).

178. Plaintiff and the FLSA "Off The Clock" Collective Class (Defendant West Revenue) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant West Revenue acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

179. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### FOURTH CLAIM FOR RELIEF – NON-DISCRETIONARY COMPENSATION (DEFENDANT WEST)
### Violation of the Wisconsin Wage Payment & Collection Laws, as Amended
### (Plaintiff, on behalf of herself and the Wisconsin Class)

180. Plaintiff, on behalf of herself and the Wisconsin "Non-Discretionary Compensation" Class (Defendant West), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

181. At all relevant times, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class were employees of Defendant West within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and § 104.01(2)(a).

182. At all relevant times, Defendant West was an employer of Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class within the meaning of Wis. Stat. § 109.01(2), § 103.001(6), § 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

183. At all relevant times, Defendant West has employed, and continues to employ, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

184.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

185.     At all relevant times, Defendant West had common policies, programs, practices, procedures, protocols, routines, and rules that, as applied to Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class, willfully failed to properly pay Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class overtime compensation by incorrectly calculating their regular rates of pay for overtime compensation purposes.

186.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

187.     Defendant West willfully failed to pay Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class with the proper amount overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by incorrectly calculating their regular rates of pay for overtime compensation purposes., in violation of Wisconsin Wage Payment Laws.

188.     As set forth above, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class members have sustained losses in their compensation as a proximate result of Defendant West's violations. Accordingly, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant West to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin

43

"Non-Discretionary Compensation" Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

189.    Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant West pursuant to the WWPCL.

**FIFTH CLAIM FOR RELIEF – FAILURE TO PAY AN AGREED UPON WAGE**
**(DEFENDANT WEST)**
**Violation of the Wisconsin Wage Payment & Collection Laws, as Amended**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

190.    Plaintiff, on behalf of herself and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

191.    At all relevant times, Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class were employees of Defendant West within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and § 104.01(2)(a).

192.    At all relevant times, Defendant West was an employer of Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class within the meaning of Wis. Stat. § 109.01(2), § 103.001(6), § 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

193.    At all relevant times, Defendant West has employed, and continues to employ, Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

194.    At all relevant times, Defendant West had common policies, programs, practices, procedures, protocols, routines, and rules that, as applied to the Wisconsin "Failure To Pay An Agreed Upon Wage" Class, willfully failed to properly pay Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class regular wages and overtime compensation.

44

195.    Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class have been entitled payment from Defendant West at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked "…in excess of eight (8) hours in one day…" by Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class pursuant to Wis. Stat. § 109.03.

196.    Defendant West violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class at an overtime rate of pay for each hour worked by Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class "…in excess of eight (8) hours in one day…"

197.    As set forth above, Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class members have sustained losses in their compensation as a proximate result of Defendant West's violations. Accordingly, Plaintiff, on behalf of herself and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class, seeks damages in the amount of Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class members' respective unpaid compensation, injunctive relief requiring Defendant West to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

198.    Plaintiff, on behalf of herself and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

## SIXTH CLAIM FOR RELIEF – NON-DISCRETIONARY COMPENSATION
## (DEFENDANT WEST REVENUE)
### Violation of the Wisconsin Wage Payment & Collection Laws, as Amended
### (Plaintiff, on behalf of herself and the Wisconsin Class)

199.    Plaintiff, on behalf of herself and the Wisconsin "Non-Discretionary Compensation" Class (Defendant West Revenue), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

200.    At all relevant times, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class were employees of Defendant West Revenue within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and § 104.01(2)(a).

201.    At all relevant times, Defendant West Revenue was an employer of Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class within the meaning of Wis. Stat. § 109.01(2), § 103.001(6), § 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

202.    At all relevant times, Defendant West Revenue has employed, and continues to employ, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

203.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

204.    At all relevant times, Defendant West Revenue had common policies, programs, practices, procedures, protocols, routines, and rules that, as applied to Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class, willfully failed to properly pay Plaintiff and the

46

Wisconsin "Non-Discretionary Compensation" Class overtime compensation by incorrectly calculating their regular rates of pay for overtime compensation purposes.

205.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

206.    Defendant West Revenue willfully failed to pay Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class with the proper amount overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by incorrectly calculating their regular rates of pay for overtime compensation purposes., in violation of Wisconsin Wage Payment Laws.

207.    As set forth above, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class members have sustained losses in their compensation as a proximate result of Defendant West Revenue's violations. Accordingly, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant West Revenue to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

208.    Plaintiff and the Wisconsin "Non-Discretionary Compensation" Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant West Revenue pursuant to the WWPCL.

## SEVENTH CLAIM FOR RELIEF – FAILURE TO PAY AN AGREED UPON WAGE
## (DEFENDANT WEST REVENUE)
### Violation of the Wisconsin Wage Payment & Collection Laws, as Amended
### (Plaintiff, on behalf of herself and the Wisconsin Class)

209.    Plaintiff, on behalf of herself and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

210.    At all relevant times, Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class were employees of Defendant West Revenue within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and § 104.01(2)(a).

211.    At all relevant times, Defendant West Revenue was an employer of Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class within the meaning of Wis. Stat. § 109.01(2), § 103.001(6), § 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

212.    At all relevant times, Defendant West Revenue has employed, and continues to employ, Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

213.    At all relevant times, Defendant West Revenue had common policies, programs, practices, procedures, protocols, routines, and rules that, as applied to the Wisconsin "Failure To Pay An Agreed Upon Wage" Class, willfully failed to properly pay Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class regular wages and overtime compensation.

214.    Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class have been entitled payment from Defendant West Revenue at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked "…in excess of eight (8) hours in one day…" by Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class pursuant to Wis. Stat. § 109.03.

48

215.    Defendant West Revenue violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class at an overtime rate of pay for each hour worked by Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class "…in excess of eight (8) hours in one day…"

216.    As set forth above, Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class members have sustained losses in their compensation as a proximate result of Defendant West Revenue's violations. Accordingly, Plaintiff, on behalf of herself and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class, seeks damages in the amount of Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class members' respective unpaid compensation, injunctive relief requiring Defendant West Revenue to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

217.    Plaintiff, on behalf of herself and the Wisconsin "Failure To Pay An Agreed Upon Wage" Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

## EIGHTH CLAIM FOR RELIEF – "OFF THE CLOCK"
## (DEFENDANT WEST REVENUE)
## Violation of the Wisconsin Wage Payment & Collection Laws, as Amended
## (Plaintiff, on behalf of herself and the Wisconsin Class)

218.     Plaintiff, on behalf of herself and the Wisconsin "Off The Clock" Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

219.     At all relevant times, Plaintiff and the Wisconsin "Off The Clock" Class were employees of Defendant West Revenue within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and § 104.01(2)(a).

220.     At all relevant times, Defendant West Revenue was an employer of Plaintiff and the Wisconsin "Off The Clock" Class within the meaning of Wis. Stat. § 109.01(2), § 103.001(6), § 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

221.     At all relevant times, Defendant West Revenue has employed, and continues to employ, Plaintiff and the Wisconsin "Off The Clock" Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

222.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin "Off The Clock" Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

223.     At all relevant times, Defendant West Revenue had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin "Off The Clock" Class overtime compensation owed to them for the performance of "off the clock" work.

224.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

50

225. Defendant West Revenue willfully failed to pay Plaintiff and the Wisconsin "Off The Clock" Class regular wages and overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

226. As set forth above, Plaintiff and the Wisconsin "Off The Clock" Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin "Off The Clock" Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant West Revenue to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin "Off The Clock" Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

227. Plaintiff and the Wisconsin "Off The Clock" Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant West Revenue pursuant to the WWPCL.

### NINTH CLAIM FOR RELIEF – MEAL PERIODS
### (DEFENDANT WEST REVENUE)
### Violation of the Wisconsin Wage Payment & Collection Laws, as Amended
### (Plaintiff, on behalf of herself and the Wisconsin Class)

228. Plaintiff, on behalf of herself and the Wisconsin "Meal Period" Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

229. At all relevant times, Plaintiff and the Wisconsin "Meal Period" Class were employees of Defendant West Revenue within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5), and § 104.01(2)(a).

230. At all relevant times, Defendant West Revenue was an employer of Plaintiff and the Wisconsin "Meal Period" Class within the meaning of Wis. Stat. § 109.01(2), § 103.001(6), § 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

51

231.	At all relevant times, Defendant West Revenue has employed, and continues to employ, Plaintiff and the Wisconsin "Meal Period" Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

232.	Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin "Meal Period" Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

233.	At all relevant times, Defendant West Revenue had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin "Meal Period" Class when they did not take a meal period for at least thirty (30) consecutive minutes, were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, performed compensable work during their meal period by being "phoned in" via GYPSA or ADE, and/or were not completely relieved from duty for the purpose of eating a regular meal..

234.	The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

235.	Defendant West Revenue willfully failed to pay Plaintiff and the Wisconsin "Meal Period" Class regular wages and overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

236.	As set forth above, Plaintiff and the Wisconsin "Meal Period" Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin "Meal Period" Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant West Revenue to cease and desist from its violations of the Wisconsin laws described herein and to comply with

52

them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin "Meal Period" Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

237.    Plaintiff and the Wisconsin "Meal Period" Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant West Revenue pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt employees of Defendants who are identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and former non-exempt employees of Defendants who are identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein of the pendency of this action, the nature of this action, and of their right to "opt in" to the FLSA Collective Classes. Additionally, such notice will include a statement informing the similarly-situated current and former non-exempt employees of Defendants who are identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all individuals identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein for unpaid overtime wages that were improperly and incorrectly calculated in accordance with the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all individuals identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiff and all individuals identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

h) Issue an Order directing and requiring Defendants to pay Plaintiff and all individuals identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

i) Issue an Order directing Defendants to reimburse Plaintiff and all individuals identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

j) Provide Plaintiff and all individuals identified and encompassed in the FLSA Collective Classes and Wisconsin Classes identified herein with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 31st day of January, 2018.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

_s/ **Scott S. Luzi**_ _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com

54