# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

**TRACY GERLACH**
**on behalf of herself and all**
**others similarly situated,**

    **Plaintiff,**

v.                                                                             Case No. 1:18-cv-00170 WCG

**WEST REVENUE GENERATION**
**SERVICES, LLC and**
**WEST CORPORATION,**

    **Defendants.**

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT AND ATTORNEYS' FEES AND COSTS

On January 3, 2019, at 2:30 p.m., the Court conducted a Fairness Hearing on the parties' request for final approval of the agreement to settle this lawsuit previously filed and identified in the record as ECF No. 36-1 (the "Settlement Agreement"). Appearing for Plaintiff was Class Counsel, Walcheske & Luzi, LLC, by Scott Luzi. Appearing for Defendants was Weisbart Springer Hayes LLP by Julie A. Springer and Conway, Olejniczak & Jerry S.C. by Kurt A. Goehre. Plaintiff and Defendants are referred to collectively in this order as "the parties."

Counsel for the parties advised the Court as to the nature and extent of the dispute between the parties and no objections were raised. Having carefully considered the parties' Settlement Agreement, Class Counsel's motion for attorneys' fees and costs, Plaintiff's request for an incentive payment, the evidence and argument received by the Court at the Fairness Hearing, and based upon the entire file in this matter, by means of this Order the Court grants final approval of the Settlement Agreement, and hereby orders and

1

makes determinations as follows:

1. This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over Defendants, Plaintiff, and all class members who are bound by the Settlement Agreement (the "Settling Associates"). Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state-law claims asserted by Plaintiff on an individual and class basis because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

2. This Order adopts all defined terms set forth in the Settlement Agreement except as may be otherwise specified herein.

3. Pursuant to the Order Granting Joint Motion for Preliminary Approval of Class Action Settlement and Joint Stipulation for Certification of Rule 23 Classes and Collective Action, identified in the record as ECF No. 37 ("Preliminary Approval Order"), appropriate Notice of Settlement Forms were sent to the members of the Settlement Classes (the "Class Members"). These papers informed Class Members of the terms of the Settlement Agreement; their right to claim a share of the settlement proceeds; any applicable right to opt into the lawsuit, object to the Settlement Agreement, and/or elect not to participate in the Settlement Agreement and pursue their own remedies; and their right to appear in person or by counsel at the Fairness Hearing on January 3, 2019. The Notice was provided with ample time for the Class Members to follow these procedures, the notice procedures afforded adequate protections to Class Members, and the Notice satisfied requirements of law and due process including, but not limited to, requirements of Federal Rule of Civil Procedure 23, the FLSA, the United States

Constitution, and any other applicable law.

4. The Settlement Classes set forth in the Settlement Agreement are certified for settlement purposes.

5. The Court finds and determines that (a) the Settlement Agreement reached by the parties constitutes a fair, reasonable, and adequate resolution of a bona fide dispute between Defendants and all affected current and former employees of Defendants on whose behalf Plaintiff brought this matter; (b) 4,222 class members will be bound by the Settlement Agreement, including 61 opt-ins from Texas, and will receive payments totaling $335,118.66; (c) 46 class members from Wisconsin have opted out of the Settlement Agreement; and (d) no class members have objected to the Settlement Agreement.

6. The Settlement Agreement is finally approved and all terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement Agreement is rationally related to the strength of Plaintiff's and the Settling Associates' claims given the defenses, risks, expense, complexity, and duration of further litigation. The Court also finds that the Settlement Agreement is the result of arm-length negotiations between experienced counsel representing the interests of the Settlement Classes and Defendants, after adequate factual and legal investigation. The Court approves the creation of a Qualified Settlement Fund for the administration of the Settlement Fund.

7. As set forth in the Settlement Agreement and Preliminary Approval Order, the Court finds and holds that all Settling Associates are hereby deemed to have waived and released, to the fullest extent of applicable law, as to the Defendants and other Releasees, all manner of claims, actions, causes of action, sums of money, covenants, contracts, controversies, agreements, promises, damages (including but not limited to attorneys' fees), and demands related to any dispute regarding employment compensation, including but not limited to wage

and hour disputes, related retaliation claims, any claim arising under the FLSA, state and local wage and hour laws in Wisconsin, Texas, or any other state or locality, the WWPCL, Wisconsin Hours of Labor Laws, Wis. Stat. §§ 103.01 *et seq.*, Wisconsin Minimum Wage Law, Wis. Stat. Chap. 104, Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§ DWD 272.01 *et seq.* and 274.01 *et seq.*, Wisconsin Wage Deduction Statute, Wis. Stat. § 103.455, or Wisconsin Wage Payments, Claims and Collections Law, Wis. Stat. Chap. 109, and common law claims related to wages such as conversion or breach of contract, whether in law or equity, which he/she ever had, may have had, now has, or which his/her heirs, executors, or administrators hereinafter can, shall, or may have, as a result of any act or omission by the Releasees from the beginning of time through the Effective Date of the Settlement Agreement, whether known or unknown, asserted or unasserted, suspected or unsuspected.

8. The Court finds that the parties have entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims and that Defendants in no way admit any violation of law or any liability whatsoever to the Plaintiff or Class Members. This Order is not a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendants. This Order, the Settlement Agreement and exhibits thereto, the Preliminary Approval Order, Notice of Settlement Forms, and any other papers and records on file in this lawsuit may be filed in this Court or in any other litigation as evidence of the settlement by Defendants to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

9. As set forth in Class Counsel's supporting brief and declarations, the requested award of attorneys' fees and costs is consistent with the rate of other attorneys in the community and approved rates in similar matters before the Court. The Court finds that the attorney fee amount and the costs requested to be reasonable and fair compensation for counsel given the risk and extent of work in representing the class and the result they attained. The Court further finds

that payment of the requested incentive award to Plaintiff Tracy Gerlach is appropriate.

10.     Without affecting the finality of the Court's Order in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

11.     This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided in this Order approving Class Counsel's fee and cost request.

**SO ORDERED** this 3rd day of January, 2019.

BY THE COURT:

s/William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court